### DALLAS WILLIAMS V. THE STATE.

No. 11355.   Delivered January 25, 1928.

Rehearing denied March 7, 1928.

1.—Arson—Evidence—Held Sufficient.

This record contains no bill of exception or complaint of procedure. We have carefully weighed the facts and deem them of sufficient cogence to support the verdict and judgment.

**2.—Same—Continued.**

It is the province of the jury to determine the credibility of the witnesses and the weight to be given to their testimony, and feel that it would be invading the jury's domain for this court to say that certain evidence should or should not have been accepted by the jury as true, and see no reason for changing our original determination of this case.

Appeal from the District Court of Austin County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for arson, penalty ten years in the penitentiary.

The opinion states the case.

*Johnson, Hill & Thompson,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for arson, punishment ten years in the penitentiary.

There was bad feeling between appellant and his father-in-law. The two men lived about one hundred and fifty steps apart, appellant living on land belonging to his father-in-law. The latter had lent and stood for advances to appellant to the extent of between three and five hundred dollars. On the afternoon preceding the night of the alleged burning, prosecuting witness had entered suit against appellant and attached some cotton. Said prosecuting witness had a large two-story barn containing some 1,100 bushels of corn, quantities of hay, etc. About three or four o'clock the night following the attachment in the afternoon, this barn was destroyed by fire. According to the testimony the fire originated or was discovered in the upstairs part of the barn. Immediately upon discovery of the fire and upon telephone calls, trained man-hunting hounds were sent for from nearby prison farms. These dogs took up a track located near the burned barn and followed same direct to appellant's house. Persons accompanying the dogs observed the same track coming from appellant's house going toward the barn, and returning to appellant's home. The dogs, when they followed the trail to appellant's house, trailed to appellant's car, in which he was found, and upon which he claimed to be working at the time. The parties referred to took from appellant's feet both of his shoes and testified that same fitted exactly into the tracks observed by them going up to the point near the barn of the prosecuting witness and returning.

Appellant's wife and step-daughter testified that he was at home at the time of the fire. They further testified that he started to dress and go to the fire, but was told by his wife to stay away on account of the bad feeling between him and her father, and that he did not go. Appellant took the stand on the trial of this case and testified that after his wife and step-daughter left home, he dressed and went up to a point near the barn and then came back to his house. He claimed that the trail thus made by him was the one which the dogs followed when they came early the next morning. In rebuttal the state put on the stand the dog sergeant and the sheriff who testified that when the dogs trailed to where appellant was in his car, he repeatedly told them that he had not been over in the vicinity of the burned barn. This is a sufficient statement of the testimony.

We find in the record no bill of exceptions or complaint of procedure. In the light of the brief filed by appellant's counsel, we have carefully weighed the facts and deem them of sufficient cogence to support the verdict and judgment.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion appellant again insists that the evidence should have been held insufficient to support the verdict, basing his contention largely upon the theory that at the time the barn was burned appellant had no knowledge that it was his father-in-law who had attached appellant's cotton the afternoon before the fire occurred, and therefore that the filing of the suit and attaching of the cotton had no probative force as furnishing motive for the burning. The record shows that when the cotton was taken away by the sheriff appellant was not at home. The sheriff told appellant's wife it was her father who had the attachment levied. She testified that she did not disclose to appellant when he came home the information given her by the sheriff because ill feeling already existed between appellant and her father. Having in mind the particular point stressed and because no question other than the sufficiency of the evidence is presented, we have again carefully examined the facts. Remembering it is the jury's province to determine the credibility of the witnesses and the weight to be given their testimony, we feel that it would be invading the jury's domain for this court to say that certain evidence should or should not have been accepted by the jury as true. We are unable to say

there was no evidence upon which the verdict could be properly based, and therefore find it necessary to overrule appellant's motion.

The motion for rehearing is overruled.

*Overruled.*